STATE of Utah, Plaintiff and Appellee,

v.

Joe F. JIRON, Defendant and Appellant.

No. 930640–CA.

Court of Appeals of Utah.

Dec. 22, 1993.

Steven B. Killpack, Utah County Public Defender Ass'n, Provo, for defendant and appellant.

Jan Graham, State Atty. Gen., Christine F. Soltis, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GREENWOOD, BILLINGS and ORME, JJ.

## OPINION

PER CURIAM:

This matter is before the court on a motion to strike addendum and disregard argument or, in the alternative, motion to strike appellant's brief.

After a jury trial, appellant was convicted of criminal homicide, a first degree felony, and arson, a third degree felony. The trial court denied a motion in limine to exclude DNA matching evidence. On appeal, appellant contends, among other things, that the trial court erred in admitting the evidence because such evidence does not satisfy the criteria to be accepted as a scientifically reliable process. In lieu of including argument on this issue in the body of his brief, appellant included a one-paragraph statement incorporating the memorandum submitted to the trial court in support of the motion in limine, which memorandum is included in the brief's addendum.

The State objects to this technique on two grounds. First, appellant is obligated by Rule 24(a)(9), Utah Rules of Appellate Procedure, to present the contentions and reasons in support of each claim of error in the brief. Second, by incorporating what amounts to twenty pages of argument in the addendum, appellant has effectively circumvented the page limitation, which was previously extended on proper application to seventy-seven pages.

We conclude that the brief violates the requirements of Rule 24(a)(9). We recognize the utility of addenda to briefs for providing the court with materials that are essential to a full understanding of the issues briefed. Addenda typically consist of materials such as the trial court's findings of fact, conclusions of law and judgment; a portion of the trial transcript; the contract which is at issue in the case; a key minute entry, etc. However, it is improper to use an addendum to incorporate argument by reference that should be included in the body of the brief. Allowing this incorporation technique could result in this court's receiving lengthy briefs composed largely of incorporated materials.

The motion to strike appellant's brief is granted. Appellant shall, within thirty days of the issuance of this decision, file a substitute brief, not to exceed seventy-seven pages, fully complying with the requirement of Rule 24(a)(9) to present the contentions and rea-

sons in support of each claim of error in the brief.